UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
GLENN JACKSON, *on behalf of himself and all
others similarly situated*,

                           Plaintiff,

                      v.

BRITANNICA FLOOR COVERING, INC. and
MICHAEL KAHOUD,

                           Defendants.

-------------------------------------------------------------

**ORDER**
23-CV-3526 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff commenced the above-captioned putative class action on May 10, 2023,

asserting claims pursuant to the New York Labor Law §§ 190 *et seq.* ("NYLL"), and a claim for

breach of contract.  (Compl., Docket Entry No. 1.)  Defendants failed to appear or otherwise

respond to this action, and on August 16, 2023, the Clerk of Court entered default against them.

(Clerk's Entry of Default, Docket Entry No. 8.)  On December 11, 2023, Plaintiff moved for

default judgment.  (Pl.'s Mot. for Default J., Docket Entry No. 10.)  For the reasons explained

below, the Court denies Plaintiff's motion without prejudice for renewal.

    **I.**   **Discussion**

      By Order dated June 12, 2024, the Court directed Plaintiff to provide proof of compliance

with Local Civil Rule 55.2(b) (now incorporated into Local Civil Rule 55.2(a), effective July 1,

2024), Local Civil Rule 55.2(c) (now Local Civil Rule 55.2(a)(3), effective July 1, 2024), and

the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, and to submit written materials in

support of his request for damages ("the June 2024 Order").  (*See* June 2024 Order; *see also*

Order dated July 26, 2024 (extending the time to file to August 26, 2024).)  Plaintiff has not

submitted any materials in response to the June 2024 Order.

Plaintiff has therefore failed to demonstrate compliance with: (1) Local Civil Rule 55.2(a)(3), which requires a party seeking default judgment to file "a certificate of service stating that all documents in support of the request for default judgment . . . have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought," L.R. 55.2(a)(3); (2) the Court's order to submit written materials in support of his request for damages, also reflected in the newly revised Local Civil Rule 55.2(c), *see* L.R. 55.2(c) (requiring a party seeking default judgment by the Court to "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs"); and (3) the Servicemembers Civil Relief Act, which requires a party seeking default judgment to "file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or "stating that the plaintiff is unable to determine whether or not the defendant is in military service," 50 U.S.C. § 3931(b)(1); *see also* L.R. 55.2(a)(1)(B) (requiring a party seeking default judgment to file an affidavit showing that "the party seeking default judgment has complied with the Servicemembers Civil Relief Act"). A party's failure to comply with Local Civil Rule 55.2 and the Servicemembers Civil Relief Act provides a basis to deny a motion for default judgment. *See, e.g., SEC v. Patient Access Sols., Inc.*, No. 22-CV-4447, 2024 WL 3904795, at *6–7 (E.D.N.Y. Aug. 22, 2024) (noting that "[c]ourts in this district have repeatedly required strict compliance with local rules when considering motions for default judgment" and denying the plaintiff's motion for default judgment without prejudice due to its failure to demonstrate compliance with Local Civil Rule

55.2's service requirements (citation omitted)); *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, --- F. Supp. 3d ---, ---, 2024 WL 3513456, at *1 (E.D.N.Y. July 23, 2024) (adopting a report and recommendation that recommended, in relevant part, that the court deny the plaintiff's motion for default judgment as to an individual defendant "because it does not comply with [Local Civil Rule 55.2's service requirements] or the Servicemembers Civil Relief Act, 50 U.S.C. § 3931").

## II.  Conclusion

Accordingly, the Court denies Plaintiff's motion for default judgment without prejudice to renewal.  Any new motion for default must comply with the above-described requirements.

Dated:  August 27, 2024
Brooklyn, New York

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge