UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

GLENN JACKSON, *on behalf of himself and all
others similarly situated*,

                              Plaintiff,

                              v.

BRITANNICA FLOOR COVERING, INC., and
MICHAEL KAHOUD,

                             Defendants.

-------------------------------------------------------------------

**MEMORANDUM & ORDER**
23-CV-3526 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Glenn Jackson commenced the above-captioned action on behalf of himself and other similarly situated employees[1] on May 10, 2023, asserting claims pursuant to the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and a claim for breach of contract against Defendants Britannica Floor Covering, Inc., ("Britannica") and Michael Kahoud. (Compl., Docket Entry No. 1.) Plaintiff commenced this action based on diversity jurisdiction. (*Id.* ¶ 9.) Defendants failed to appear or otherwise respond to the action, and on August 16, 2023, the Clerk of Court entered default against Defendants. (Clerk's Entry of Default, Docket Entry No. 8.) On December 11, 2023, Plaintiff moved for default judgment. (Pl.'s First Mot. for Default J., Docket Entry No. 10.) On August 27, 2024, the Court denied Plaintiff's motion for default judgment without prejudice because Plaintiff failed to provide proof of compliance with Local

---

[1] Although Plaintiff commenced this action as a collective action, Plaintiff did not seek conditional certification in his default motion. On June 12, 2024, the Court directed Plaintiff to "confirm that he seeks damages only on his own behalf." (Order dated June 12, 2024.) In his subsequent filing, Plaintiff only requested damages on his behalf. (*See generally* Pl.'s Mem. in Supp. of Pl.'s Second Mot. ("Pl.'s Mem."), Docket Entry No. 15-1.)

Civil Rule 55.2(a)(3),[2] Local Civil Rule 55.2(c),[3] the Servicemembers Civil Relief Act, 50

U.S.C. § 3931 ("SCRA"), and written proof of damages (the "August 2024 Decision").

(Memorandum and Order dated Aug. 27, 2024, Docket Entry No. 13.)

On October 9, 2025, Plaintiff filed a second motion for default judgment pursuant to Rule

55(b)(2) of the Federal Rules of Civil Procedure.[4]  For the reasons set forth below, the Court

grants in part, and denies in part Plaintiff's motion for default judgment.

## I.   Background

Plaintiff is a resident of Stafford, Viriginia, and a former employee of Defendants.[5]

(Compl. ¶¶ 2,12.)  Britannica is a domestic corporation organized under the laws of the state of

New York, (*id.* ¶ 16), and has its principal place of business at 155 Park Avenue, # 1, Amityville,

NY, 11701, and an alternate address at 1798 Merrick Road, Merrick, NY, 11566.  (*Id.* ¶ 17.)

---

[2]  Local Civil Rule 55.2(a)(3) requires a party seeking default judgment to file "a certificate of service stating that all documents in support of the request for default judgment . . . have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought."

[3]  Local Civil Rule 55.2(c) requires a party seeking default judgment by the court to "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs."

[4]  (Notice of Second Mot. for Default J. ("Pl.'s Second Mot."), Docket Entry No. 15; Pl.'s Mem.; Decl. of Amit Kumar in Supp. of Pl.'s Second Mot. ("Kumar Decl."), Docket Entry No. 15-2; Decl. of Glenn Jackson in Supp. of Pl.'s Second Mot. ("Jackson Decl."), Docket Entry No. 15-8; Damages Chart, annexed to Pl.'s Second Mot. as Ex. 9, Docket Entry No. 15-9.)

[5]  The Court assumes the truth of the factual allegations in the Amended Complaint for purposes of this Memorandum and Order.  *See Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (quoting Wright, Miller & Kane, 10A Fed. Prac. & Proc. § 2688.1 (4th ed.))); *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015) (per curiam) (noting that courts must accept allegations in the complaint as true "in deciding whether a default judgment is appropriate").

Britannica is in the business of floor covering. (*Id.* ¶ 2.) Kahoud "was the president, and/or owner, and/or day-to-day overseer of [Britannica]," and he "exercised close control over the managerial operations of Britannica." (*Id.* ¶¶ 23, 25–30.)

Defendants employed Plaintiff "from on or about [ ] April 1, 2016, [through] on or about December 31, 2019" as a general laborer.[6] (*Id.* ¶¶ 2, 58.) Kahoud controlled the terms and conditions of Plaintiff's employment, supervised him and "made decisions as to hiring and firing and as to wages." (*Id.* ¶ 31.) From the beginning of his employment through June of 2016, Plaintiff worked "four days per week from 8:00 [A.M.] until 4:00 [P.M.]" and was paid $10.00 per hour. (*Id.* ¶¶ 68, 70.) From July 1, 2016, through the end of his employment, Plaintiff worked "Monday through Friday from 8:00 [A.M.] until 5:00 [P.M.]" and was paid $12.00 per hour. (*Id.* ¶¶ 69, 71.)

Plaintiff alleges, first, that while he worked for Defendants, he was not compensated at the statutory minimum wage nor for overtime hours. (*Id.* ¶¶ 72–73.) Second, Plaintiff alleges that Defendants failed to provide written wage statements that reflected the number of hours worked and failed to maintain accurate time and pay records. (*Id.* ¶¶ 74–75.) Third, Plaintiff alleges that Defendants entered into several public works contracts funded by the New York City government as either a prime contractor or subcontractor and these contracts "obligated Defendants to pay Plaintiff . . . at or above the local prevailing wage rates, including any

---

[6] Plaintiff alleges that he was a "'manual worker' within the meaning of NYLL § 190(4)," (Compl. ¶ 14). A manual worker is "a mechanic, workingman or laborer." NYLL § 190(4). The New York Department of Labor has interpreted the term manual worker to mean "employees who spend more than [twenty-five] percent of their working time performing physical labor." *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 67 (S.D.N.Y. May 22, 2023) (quoting N.Y. Dep't of Labor, Opinion Letter on Manual Workers, No. RO-09-0066 (May 21, 2009)). Plaintiff alleges that he "spent more than twenty-five percent of [his] hours worked performing manual tasks," (Compl. ¶ 62), and therefore meets the statutory requirements.

3

required supplemental benefits and overtime premiums for hours worked in excess of forty (40) hours per week; eight (8) hours per day[;] hours worked on Saturday and Sunday[;] and hours worked during the evening." (*Id.* ¶¶ 45–46.) Plaintiff alleges that Defendants failed to pay these wage rates and supplemental benefits. (*Id.* ¶ 47.) Fourth, Plaintiff alleges that "Defendants' employees . . . were [the] intended third-party beneficiaries of Defendants' [p]ublic [w]orks [c]ontracts," (*id.* ¶ 48), who "were to be paid at least $68.00 per hour." (*Id.* ¶ 50.)

Plaintiff asserts five causes of action: (1) failure to pay proper minimum wages in violation of NYLL § 650 *et seq*; (2) failure to pay overtime compensation in violation of the NYLL § 232; (3) failure to pay timely wages in violation of NYLL § 191; (4) failure to furnish wage statements in violation of NYLL § 195; and (5) breach of contract for the contracts "entered into directly or indirectly between Defendants and certain public entities." (*Id.* ¶¶ 80–106.) Plaintiff contends that Defendants owe him a total of $357,123.52 in damages, (Damages Chart ), consisting of $307,328.00 in unpaid prevailing wages, sixteen percent interest on late wages in the amount of $44,779.52, one hundred percent of liquidated damages, maximum statutory damages of $5,000 because he never received a "pay stub," and prejudgment interest. (Kumar Decl. ¶¶ 28–33.)

## II. Discussion

### a. Standard of review

Pursuant to Rule 55 of the Federal Rules of Civil Procedure there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see Am. Transit Ins. Co. v. Pierre*, No. 24-CV-360, 2025 WL 863865, at *2 (E.D.N.Y. Mar. 19, 2025) (explaining that there is a "'two-step process' for the entry of judgment against a party

4

who fails to defend" (quoting *Mickalis Pawn Shop*, 645 F.3d at 128)). "[T]he court may, on [the] plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam) (citing *Mickalis Pawn Shop*, 645 F.3d at 137); *U.S. Bank Nat'l Ass'n v. Joeefi LLC*, No. 24-CV-3966, 2025 WL 1042416, at *1 (S.D.N.Y. Apr. 8, 2025) (quoting *id.*); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (explaining that a district court deciding a motion for default judgment "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor" (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981))); *Trs. of the Pavers & Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Toros Bros. Constr. Corp.*, No. 24-CV-6634, 2025 WL 3265230, at *3 (E.D.N.Y. Nov. 24, 2025) ("When evaluating a plaintiff's application for a default judgment, 'a court is required to accept all [ ] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor.'" (alterations in original) (quoting *Romanowicz*, 577 F.3d at 84)). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *see Tene v. Neuehaus Studios Inc.*, No. 23-CV-2040, 2025 WL 2731755, at *2 (E.D.N.Y. Sep. 25, 2025) (applying the Rule 55 standard and holding that default establishes liability only where the complaint's well-pleaded allegations state a valid cause of action), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. Oct. 10, 2025). However, because there is "'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . a district court's discretion in [granting default judgment is]

'circumscribed,'" *Mickalis Pawn Shop*, 645 F.3d at 129 (internal citations omitted) (first quoting *Green*, 420 F.3d at 104; then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)), and "all doubts must be resolved in favor of the [defaulting] party," *Green*, 420 F.3d at 104 (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).  *See Hellman v. Cortland Realty Invs. LLC*, No. 22-CV-8341, 2025 WL 415388, at *2 (S.D.N.Y. Feb. 6, 2025) ("In the Second Circuit, there is a strong 'preference for resolving disputes on the merits.'" (first quoting *Enron Oil Corp.*, 10 F.3d at 95; and then citing *Johnson v. N.Y. Univ.*, 800 F. App'x 18, 19–20 (2d Cir. 2020))).

"The entry of a default, while establishing liability, 'is not an admission of damages.'" *Mickalis Pawn Shop*, 645 F.3d at 128 (quoting *Romanowicz*, 577 F.3d at 83 n.6).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (first citing Fed. R. Civ. P. 55(b)(2); and then citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Sheet Metal Workers Loc. Union No. 46 Health Fund by Milne v. T.J.V. Mech. LLC*, No. 24-CV-6281, 2025 WL 825308, at *7 (W.D.N.Y. Mar. 17, 2025) (quoting *Cement & Concrete*, 699 F.3d at 234); *Godinger Silver Art Ltd. v. Amazon Storefront HODSOF US*, No. 23-CV-7087, 2024 WL 4145724, at *2 (E.D.N.Y. Sep. 11, 2024) (quoting same).

### b.   Default judgment

#### i.   Statute of limitations

The NYLL has a six-year statute of limitations.  NYLL § 198(3) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years."); *Tene*, 2025 WL

2731755, at *4 ("[T]he NYLL establishes a six-year limitations period for wage claims." (citing NYLL §§ 198(3), 633(3))); *Camillo v. Khim's Millennium Mkt., Inc.*, No. 22-CV-7846, 2025 WL 951265, at *4 (E.D.N.Y. Mar. 13, 2025) ("Under the NYLL, the statute of limitations is six years." (citing same)), *report and recommendation adopted*, 2025 WL 948125 (E.D.N.Y. Mar. 28, 2025); *Newman v. ASA Coll., Inc.*, 754 F. Supp. 3d 521, 538 (S.D.N.Y. 2024) (adopting report and recommendation) ("The statute of limitations is six years for claims under the NYLL . . ."); *Galindo v. Yummy Foods Deli Corp.*, No. 21-CV-45, 2024 WL 947283, at *6 (S.D.N.Y. Jan. 17, 2024) ("Under the NYLL, the statute of limitations is six years." (citing NYLL § 198(3))), *report and recommendation adopted*, 2024 WL 515245 (S.D.N.Y. Feb. 9, 2024); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914, 2023 WL 6338666, at *5 (E.D.N.Y. Sep. 29, 2023) ("[T]he NYLL establishes a six-year limitations period for wage claims." (citing NYLL §§ 198(3), 633(3))), *report and recommendation adopted*, Order adopting Report and Recommendations (E.D.N.Y. Nov. 30, 2023); *Campos Marin v. J&B 693 Corp.*, No. 19-CV-569, 2022 WL 377974, at *5 (S.D.N.Y. Jan. 21, 2022) ("Claims brought pursuant to the NYLL are subject to a six-year statute of limitations." (citing *Byer v. Periodontal Health Specialists of Rochester, PLLC*, No. 20-1751, 2021 WL 3276725, at *2 (2d Cir. Aug. 2, 2021) (summary order))), *report and recommendation adopted*, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022); *Leon Neri v. Abi Japanese Rest., Inc.*, No. 20-CV-581, 2021 WL 6804252, at *4 n.5 (E.D.N.Y. Nov. 29, 2021) ("The statute of limitations under the NYLL is six years and does not require a showing of willfulness." (citing NYLL § 663(3))), *aff'd*, No. 22-227, 2023 WL 2395995 (2d Cir. Mar. 8, 2023) (summary order).

Plaintiff alleges that Defendants paid him below the minimum wage, (Compl. ¶ 84), did not provide overtime pay, (*id.* ¶¶ 90–91), failed to pay timely wages, (*id.* ¶ 95), failed to pay him

a prevailing wage rate, and did not provide him with pay stubs or wage statements reflecting the amount of hours he worked, (*id.* ¶¶ 74, 98–106).  Based on these allegations, Plaintiff has sufficiently alleged that Defendants violated the NYLL.  *See Perez Garcia v. Hirakegoma Inc.*, No. 17-CV-7608, 2020 WL 1130765, at *7 (S.D.N.Y. Mar. 9, 2020) (concluding that allegations that the defendant "failed to post information as required by the FLSA and the NYLL, paid [the plaintiff] in cash, did not have a time-recording system, and did not otherwise require him to record his hours" demonstrated "deliberate conduct in disregard of an employer's obligations"); *Medina v. E. Commc'n Inc.*, No. 16-CV-869, 2018 WL 2899658, at *3 (S.D.N.Y. June 11, 2018) (concluding that the defendants' "violations of the law were willful" where they "were aware of the basic overtime rules," "failed to pay [the p]laintiff at the lawful overtime rate," failed "to provide adequate wage notices and wage statements," and failed "to provide any documentation []such as paystubs[]"); *cf. Alberto v. Rico Pollo #2 Rest. Corp.*, No. 18-CV-4762, 2018 WL 6813057, at *4 (E.D.N.Y. Dec. 26, 2018) ("[I]f the payments in fixed amounts of cash on a weekly basis without credit for overtime are in fact reflective of a policy and practice of defendants, it is hard to imagine a lack of willfulness.").  Because the Court finds that Defendants' violated the NYLL, the six-year statute of limitations applies to Plaintiff's NYLL claims.  Accordingly, Plaintiff's claims are timely with respect to any NYLL violations that occurred on or after May 10, 2017, six years prior to the filing of the Complaint on May 10, 2023.

### ii.  Eligible employer

The NYLL applies to any "person employed for hire by an employer in any employment."  NYLL § 190(2).  Under the NYLL, a Plaintiff only needs to show that he was an employee and the defendant employed him.  *See Bonilla v. Avery Cuisine LLC*, No. 23-CV-8320, 2025 WL 745906, at *12 (E.D.N.Y. Jan. 15, 2025) ("To recover under the NYLL, a [p]laintiff

8

must prove 'that he was an employee and that [d]efendants were employer[s] as defined by the statute and accompanying regulations.'" (quoting *Ethelbert v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015)), *report and recommendation adopted*, 2025 WL 559650 (E.D.N.Y. Feb. 20, 2025); *Link v. Marshall Hotels & Resorts, Inc.*, No. 20-CV-805, 2021 WL 5040237, at *2 (N.D.N.Y. Oct. 29, 2021) ("[A] plaintiff can only recover under the NYLL if she can prove that she was an employee and that defendant was her employer." (internal quotation marks omitted)); *Garcia-Devargas v. Maino*, No. 15-CV-2285, 2017 WL 11567211, at *1 (S.D.N.Y. Mar. 29, 2017) ("Plaintiffs' burden is less under the NYLL, where a plaintiff must only show that he was an employee and that the defendant was his employer.").

The NYLL defines an employer as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." NYLL § 651(6). An employee is one who is "employed for hire by an employer in any employment." NYLL § 190(2). In deciding whether an employer-employee relationship exists, federal courts in New York rely on the Second Circuit's four-factor FLSA test outlined in *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), which considers the employer's power to: (1) hire and fire employees; (2) supervise and control work schedules and conditions of employment; (3) determine the rate and method of payment; and (4) maintain employment records. *Id.*; *see Bonilla*, 2025 WL 745906, at *12 ("[T]he test for the employer-employee relationship [under the NYLL] is based on the same factors as that under the FLSA."); *Miranda v. Astoria Provisions, LLC*, 19-CV-2923, 2020 WL 6370058, at *5 (E.D.N.Y. July 24, 2020) ("[T]he analysis of the employment relationship under both [the FLSA and NYLL] is based on the same factors."); *Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *8–9 (E.D.N.Y. Sep. 30, 2016) (collecting cases holding that the FLSA and NYLL

9

are interpreted consistently with one another on the question of employer status), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).  Courts use these factors to determine if the employer exerted sufficient control over the employee.  *See Link*, 2021 WL 5040237, at *3 (noting that the "factors are ultimately just pathways to the question truly at the heart of the employer/employee relationship under the NYLL: did the purported employer exert sufficient control 'over the results produced [by the purported employee] or the means used to achieve the results'" (alteration in original) (quoting *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003))); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013) (explaining that under the NYLL, courts "focus[] more on the degree of control exercised by the purported employer as opposed to the economic reality of the situation" (internal quotation marks omitted)); *Edwards v. Publishers Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 184 (S.D.N.Y. 2010) ("[T]he critical determinant [under the NYLL] is the degree to which the purported employer exercises control in fact over the results produced or the means used to obtain them.").  Under the NYLL, allegations that the individual defendant "owned, operated, and controlled" the corporate defendant and "hired and fired [the p]laintiff, set his working conditions, and determined how and how much [the p]laintiff was paid" are sufficient to establish that [the individual and corporate defendants] jointly employed the plaintiff.  *Jacome v. Optical 49, Inc.*, No. 20-CV-2615, 2021 WL 3375134, at *6 (E.D.N.Y. July 9, 2021), *report and recommendation adopted*, 2021 WL 3373130 (E.D.N.Y. Aug. 3, 2021).

Plaintiff has established that Defendants qualify as his employer under the NYLL because he satisfies the four factors relevant to determining whether Defendants "possessed the power to control the workers in question."  *Kolonziaa v. Allied Cmty. Res., Inc.*, No. 25-1034, 2026 WL 707268, at *2 (2d Cir. Mar. 13, 2026) (summary order) (quoting *Herman v. RSR Sec.*

10

*Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).  First, Plaintiff alleges that Kahoud owned and managed Britannica and had "the ability to hire and fire Britannica['s] . . . employees," and "exercised close control over the managerial operations of Britannica."  (Compl. ¶¶ 23–24, 30.) These allegations establish the first factor — whether the alleged employer had the power to hire and fire employees**.**  *See Rodriguez v. Lucky Lotto Grocery Deli Corp.*, No. 22-CV-2256, 2024 WL 3760583, at *9 (E.D.N.Y. July 18, 2024) (finding that the individual defendants qualified as employers where the plaintiff alleged, *inter alia*, that they "manag[ed] the day-to-day operations and further had the power to hire and fire employees" (internal quotation marks omitted)), *report and recommendation adopted*, 2024 WL 3759660 (E.D.N.Y. Aug. 12, 2024), *vacated in part*, 2026 WL 207960 (E.D.N.Y. Jan. 27, 2026).

Second, Plaintiff alleges that Kahoud "controlled the terms of [] Plaintiff's . . . employment[,] . . . would tell Plaintiff . . . what tasks to complete and what time frame they needed to be completed," and controlled his work schedule.  (Compl. ¶¶ 25, 27.)  These allegations are sufficient to establish the second factor — whether the alleged employer controlled employee work schedules or conditions of employment.  *See Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *7 (E.D.N.Y. July 9, 2024) (finding that an individual defendant qualified as an employer where the plaintiff alleged, *inter alia*, that the "business's owner and manager[] set [the p]laintiff's work schedule and that each of the [d]efendants controlled the conditions of [the p]laintiff'] employment").

Third, Plaintiff alleges that Kahoud controlled Plaintiff's pay "rates and methods of payment."  (Compl. ¶ 28.)  These allegations are sufficient to establish the third factor — whether the alleged employer determined the rate and method of payment.  *See Davis v. Navada's Bar & Lounge, LLC*, No. 22-CV-4176, 2024 WL 1531092, at *6 (E.D.N.Y. Mar. 1, 2024) (finding that a

defendant qualified as an employer where the plaintiff alleged, *inter alia*, that he "controlled employee policies, including decisions regarding payroll, payment policy, and compensation practices"), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. Mar. 31, 2024).

Plaintiff does not allege whether Defendants maintained employment records as required by the fourth factor, but because Plaintiff's allegations satisfy the other factors, both Defendants meet the definition of an employer who exercised sufficient control over Plaintiff as an employee. *See Torres v. 894 Deklab Pizza Corp.*, No. 19-CV-5750, 2020 WL 8768258, at \*3 (E.D.N.Y. Dec. 28, 2020) (holding that "the other factors are clearly satisfied by plaintiffs' allegations, . . . [and therefore] defendants meet the definition of an employer" even though "plaintiffs d[id] not allege that the defendants maintained employment records"), *report and recommendation adopted*, 2021 WL 848849 (E.D.N.Y. Mar. 5, 2021); *Edwards*, 268 F.R.D. at 184 ("[T]he critical determinant [under the NYLL] is the degree to which the purported employer exercises control in fact over the results produced or the means used to obtain them."). Plaintiff's allegations are therefore sufficient to establish that Defendants meet the definition of employer under NYLL. *See Jacome*, 2021 WL 3375134, at \*6 (finding that allegations that the individual defendant "owned, operated, and controlled" the corporate defendant and "hired and fired [the p]laintiff, set his working conditions, and determined how and how much [the p]laintiff was paid" were sufficient to establish[] that the individual and corporate defendants were joint employers).

### iii. Liability

#### 1. Unpaid wages

Plaintiff seeks to recover both unpaid minimum wages and unpaid prevailing wages as a third-party beneficiary to a public works contract under NYLL § 220 for the period of May 10,

2017, through December 31, 2019.  (Pl.'s Mem. 4, 6–7; Damages Chart.)  Plaintiff seeks

prevailing wages[7] because Defendants entered into several public works contracts funded by the

New York City government as either a prime contractor or subcontractor and these contracts

"obligated Defendants to pay Plaintiff . . . at or above the local prevailing wage rates [of $68.00

per hour]."  (Compl. ¶¶ 46, 50.)

Plaintiff cannot recover both unpaid minimum wages and unpaid prevailing wages for the

same time period.  *See Taveras v. Ne. Landscape & Masonry Assocs., Inc.*, No. 16-CV-834, 2018

WL 11671788, at *5 n.10 (S.D.N.Y. Dec. 28, 2018) (A plaintiff is "only entitled to recover under

one statute for the same hours of unpaid wages; double recovery of the same wages and related

damages is not permitted[.]" (quoting *Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-6304, 2014

WL 1011070, at *11 (E.D.N.Y. Mar. 14, 2014))); *Jara v. Strong Steel Door, Inc.*, 872 N.Y.S.2d

691 (Sup. Ct. 2008) ("To the extent that prevailing wages are sought to be recovered . . . Labor

Law § 220 is the appropriate statutory provision applicable to plaintiffs' claims regarding

prevailing wages.").  Accordingly, the Court analyzes Plaintiff's wage claims under NYLL § 220

because it provides the higher form of relief.

"Section 220 of the NYLL provides that certain classes of workers employed in

connection with public works — meaning work performed for public entities — shall be paid

'not less than the prevailing rate.'"  *Walton v. Comfort Sys. USA (Syracuse), Inc.*, 155 F.4th 144,

151 (2d Cir.) (quoting NYLL § 220(3)(a)), *certified question accepted*, 44 N.Y.3d 999 (2025;

---

[7] New York law mandates that employees working on public works projects are paid wages "equivalent to the prevailing rate of similarly employed workers in the locality." *Rondout Elec., Inc. v. NYS Dep't of Lab.*, 335 F.3d 162, 164 (2d Cir. 2003); *Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 315 (S.D.N.Y. 2025) ("Section 220 of the New York Labor Law requires all 'laborers, workmen or mechanics' employed on 'public works' projects to be paid the 'prevailing rate of wages.'" (quoting NYLL § 220(3)(a))).

*Rondout Elec., Inc. v. NYS Dep't of Lab.*, 335 F.3d 162, 164 (2d Cir. 2003) (NYLL § 220 "was 'designed to insure that employees on public works projects were paid wages equivalent to the prevailing rate of similarly employed workers in the locality.'" (quoting *Burgio & Campofelice, Inc. v. NYS Dep't of Labor*, 107 F.3d 1000, 1003 (2d Cir. 1997))); *Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 315 (S.D.N.Y. 2025) ("Section 220 of the New York Labor Law requires all 'laborers, workmen or mechanics' employed on 'public works' projects to be paid the 'prevailing rate of wages.'" (quoting NYLL § 220(3)(a))); *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812, 2015 WL 1966355, at *43 (E.D.N.Y. May 1, 2015) ("NYLL § 220 requires a contractor who undertakes a public works project to pay its employees prevailing wages and pay or provide prevailing supplemental benefits." (citing NYLL § 220(3))). A plaintiff seeking to enforce their rights under NYLL § 220 may either exhaust administrative remedies and then bring a suit under NYLL § 220 or file a third-party breach of contract claim. *See Hapanowicz v. Alexandria Tile Co.*, No. 11-CV-127, 2014 WL 1311441 at *6 (E.D.N.Y. Mar. 31, 2014) ("[T]he § 220 administrative process is not the exclusive means for an employee denied prevailing wages to obtain relief.  A plaintiff may also commence a common law breach of contract claim as the intended third-party beneficiary of a public works contract." (citations and internal quotation marks omitted)); *Dominguez v. WRS Env't Servs. Inc.*, No. 157820/2017, 2019 WL 2371886, at *3 (Sup. Ct. June 3, 2019) (explaining that workers on a public works project who claim they have not been paid prevailing wages pursuant to NYLL § 220 may "(1) enforce their employer's statutory obligations to pay prevailing wages by . . .  filing a complaint with the New York State Department of Labor and awaiting a determination before filing a lawsuit under [NYLL §] 220; or (2) fil[ing] a third-party beneficiary breach of contract claim against their employer"); *see also Hernandez*, 2015 WL 1966355, at *43 ("An employee of the

contractor may commence 'a common law breach of contract claim as the intended third-party beneficiary of a public works contract.'" (quoting *Ramos v. SimplexGrinnell* ("*Ramos I*"), 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011), *vacated in part*, 773 F.3d 394 (2d Cir. 2014))).

To prevail on a third-party beneficiary breach of contract claim under NYLL § 220, a plaintiff must show that he is a laborer within the meaning of NYLL § 220 and "that [his work] was 'covered' work — that is, work entitled to prevailing wages under the statute." *Ramos v. SimplexGrinnell LP* ("*Ramos II*"), 740 F.3d 852, 856 (2d Cir.), *certified question accepted*, 22 N.Y.3d 1102 (2014), *and certified question answered*, 24 N.Y.3d 143 (2014); *see also Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 615 (S.D.N.Y. 2016) (quoting *id.*); *Hernandez*, 2015 WL 1966355, at *44 ("[T]he two conditions precedent for a plaintiff to recover as a third-party beneficiary in the context of NYLL § 220 are: (1) that they are laborers, workmen, or mechanics within the meaning of NYLL [§] 220 and (2) the work was entitled to prevailing wages under the statute." (internal quotation marks omitted)).

Plaintiff successfully alleges a breach of contract claim under NYLL § 220. Plaintiff alleges that he is a laborer within the meaning of NYLL § 220, because he was "a manual worker" and "general laborer," (Compl. ¶¶ 2, 14, 93), who "was primarily responsible for performing manual tasks and physical labor," (Jackson Decl. ¶ 13; Compl. ¶ 60). In addition, Plaintiff alleges that he "spent more than twenty-five percent of [his] hours worked performing manual tasks. (Compl. ¶ 62.) Based on Plaintiff's allegations, Plaintiff has shown that he is a laborer within meaning of NYLL § 220. *See Liu v. Chan*, No. 18-CV-5044, 2022 WL 2903311, at *8 (E.D.N.Y. July 22, 2022) (noting that the NYLL defines "'manual worker' to mean 'a . . . laborer'" and "the New York Department of Labor has interpreted the term to include 'employees who spend more than [twenty-five] percent of their working time performing

15

physical labor'" (first quoting NYLL § 190(4); and then quoting N.Y. Dep't of Labor, Opinion Letter on Manual Workers, No. RO-09-0066 (May 21, 2009))); *Hernandez v. Quality Blacktop Servs., Inc.*, No. 18-CV-4892, 2021 WL 1207316, at *6–7 (E.D.N.Y. Mar. 30, 2021) (finding that, on default judgment, the "plaintiffs ha[d] sufficiently established that they are entitled to recover as third-party beneficiaries under the NYLL" where they alleged they were laborers).

Plaintiff must also allege that the work is entitled to prevailing wages under the NYLL. First, Plaintiff alleges that Defendants entered into public works contracts funded by New York City government and provided labor on "(i) the 'Bainbridge' development in The Bronx, New York; (ii) a development on or near 97th Street, across from the NYC Health + Hospital, in Manhattan; (iii) the 'Linds Place' development in The Bronx, New York; and (iv) the 'Julius' development, in Brooklyn, New York." (Compl. ¶ 45.) Second, Plaintiff alleges that these contracts required Defendants to pay him at a prevailing wage rate of $68.00 per hour, (*id.* ¶ 50), but Defendants breached the contracts by failing to do so, (*id.* ¶ 105). Based on these allegations, Plaintiff has established that he qualifies for work which entitled him to prevailing wages under NYLL § 220. *See Quality Blacktop Servs., Inc.*, 2021 WL 1207316, at *7 (accepting the plaintiff's allegations that defendants entered into public works contracts as true and finding that "plaintiffs have established a viable contract claim to recover damages as third-party beneficiaries for unpaid prevailing wages"); *see also Gov't Emps. Ins. Co. v. Onyema*, 790 F. Supp. 3d 147, 165 (E.D.N.Y. 2025) ("[The p]laintiffs' allegations, accepted as true, are sufficient to establish that [the d]efendants are liable for breach of contract for the purposes of entry of default judgment."); *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934, 2017 WL 4712482, at *10 (S.D.N.Y. Sep. 28, 2017) ("Accepting [the plaintiff's] factual allegations as true, as the [c]ourt must as a result of [the d]efendants' default . . . [the plaintiff] has adequately

stated a claim for breach of contract.").  Therefore, Plaintiff has sufficiently alleged his unpaid prevailing wage claim.

### 2.   Overtime

Plaintiff alleges that he is "entitled to recover from Defendants [his] unpaid overtime wages."  (Compl. ¶¶ 87–91.)

The NYLL provides that employees must be "compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty [hours] per week."  *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *see also Cruz v. Sammy Gourmet Deli 3 Corp.*, No. 25-CV-1356, 2026 WL 804018, at *4 (E.D.N.Y. Mar. 2, 2026) (quoting *id.*), *report and recommendation adopted*, 2026 WL 803079 (E.D.N.Y. Mar. 23, 2026).  The NYLL provides that the regular rate is either the actual rate at which the employee is paid or the statutory minimum wage, whichever is higher.  *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (providing that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA); *see also Silva v. Legend Upper W. LLC*, No. 16-CV-3552, 2021 WL 4197360, at *10 (S.D.N.Y. Sep. 14, 2021) (calculating the plaintiffs' overtime rate of pay under the FLSA and the NYLL at one and one-half times the minimum wage).  Under the NYLL, a "regular rate" is either the employee's hourly pay or, if the employee is paid on "any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings."  N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.16; *see, e.g.*, *Pastuizaca v. Mihwa Jo Corp.*, No. 22-CV-5561, 2025 WL 437929, at *6 (E.D.N.Y. Feb. 8, 2025) (computing a non-hourly worker's regular rate by

17

dividing weekly earnings by hours worked), *on reconsideration in part*, 2025 WL 2371048 (E.D.N.Y. Aug. 14, 2025).

The NYLL overtime provision applies to Plaintiff's employment from May 10, 2017 through December 31, 2019, when he worked overtime five hours per week because he was working approximately forty-five hours per week.  (Compl. ¶¶ 7, 69.)  Plaintiff has sufficiently alleged that he worked overtime.

### 3.   Failure to pay timely wages

Plaintiff alleges Defendants employed him as a "manual worker," that "NYLL § 191[(1)(a)] requires that employers pay wages to their [manual workers] on a weekly basis," and because Defendants failed to pay him weekly, he is "entitled to statutory damages equal to the total amount of the delayed wages."  (Compl. ¶¶ 93–94, 97.)

NYLL § 191(1)(a) provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."  NYLL § 191(1)(a); *Myers v. Hertz Corp.*, 624 F.3d 537, 543 (2d Cir. 2010) (stating that NYLL § 191 "guarantees the timely payment of wages by employers").  The appropriate application of NYLL § 191(1)(a) requires the definition of the term "manual worker."  *See Pachter v. Bernard Hodes Grp., Inc.*, 505 F.3d 129, 132 (2d Cir. 2007) ("[NYLL § 191] details the frequency of payments for specific workers [namely] manual workers, railroad workers, commission salesmen, and 'clerical and other worker[s].'" (quoting NYLL § 191)).  NYLL § 190(4) defines "manual worker" to mean "a mechanic, workingman or laborer."  NYLL § 190(4); *see also Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 67 (S.D.N.Y. 2023) (finding that the New York Department of Labor has long interpreted manual worker to include "employees who spend more

18

than [twenty five] percent of their working time performing physical labor" (quoting N.Y. Dep't of Labor, Opinion Letter on Manual Workers, No. RO-09-0066)).

NYLL § 191(1)(a) does not expressly authorize a private cause of action for a manual worker to recover for late payment of wages.  The two New York appellate courts that have addressed the issue reached different conclusions.  *Compare Grant v. Global Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117, 122 (App. Div. 2024) (finding that NYLL § 191(a) does not include a private right of action), *with Vega v. CM & Assocs. Constr. Mgmt.*, 107 N.Y.S.3d 286, 288 (App. Div. 2019) (finding that NYLL § 191(1)(a) includes a private right of action).  Therefore, the Court must "predict how . . . the [New York] Court of Appeals would rule on this legal question, [for which] the decisions of New York State's Appellate Division are helpful indicators." *Michalski v. Home Depot*, Inc., 225 F.3d 113, 116–17 (2d Cir. 2000); *see also DiBella v. Hopkins*, 403 F.3d 102, 111–12 (2d Cir. 2005) (explaining that where the state's appellate courts have reached different conclusions on an issue not addressed by the Court of Appeals, a federal court "must undertake the imprecise but necessary task of predicting on a reasonable basis how the New York Court of Appeals would rule if squarely confronted with this issue" (citing *id.*)).

The majority of courts in this Circuit that have considered the issue post-*Grant* have found that NYLL § 191(1)(a) includes a private right of action.  *See Phoenix v. Cushman & Wakefield U.S., Inc.*, No. 24-CV-965, 2025 WL 357793, at *5 (S.D.N.Y. Jan. 31, 2025) (collecting cases and finding that NYLL § 191(1)(a) grants a plaintiff a private right of action); *Espinal v. Sephora USA, Inc.*, No. 22-CV-3034, 2024 WL 4241537, at *3–4 (S.D.N.Y. Sep. 19, 2024) (same), *reconsideration denied*, 2024 WL 4751279 (S.D.N.Y. Nov. 12, 2024); *Carrasquillo v. Westech Sec. & Investigation Inc.*, No. 23-CV-4931, 2024 WL 4227795, at *6 (S.D.N.Y. Sep. 17, 2024) ("[T]he [c]ourt agrees with the prevailing view among District courts

19

in the Second Circuit that [NYLL § 191(1)(a)] . . . confers a private right of action."); *Charles. v. United States of Aritzia, Inc.*, No. 23-CV-9389, 2024 WL 4167502, at \*5 (S.D.N.Y. Sep. 12, 2024) (holding Section 191 contains a private right of action); *Bryant v. Buffalo Exch., Ltd.*, No. 23-CV-8286, 2024 WL 3675948, at \*5–6 (S.D.N.Y. Aug. 6, 2024) ("[T]he [c]ourt predicts that the [New York] Court of Appeals will find an express private right of action to enforce § 191."); *Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 350 (S.D.N.Y. 2024) ("[T]he [New York] Court of Appeals would likely agree with *Vega* [to find a private right of action] and reject *Grant*."); *cf. Galante v. Watermark Servs. IV, LLC*, 722 F. Supp. 3d 170, 183 (W.D.N.Y. 2024) (finding that NYLL § 191(1)(a) does not provide a private right of action).

NYLL § 191(1)(a) provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned," and NYLL § 198(1-a) provides the enforcement mechanism for violations of the NYLL. *See* NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment[.]"); *Dudnauth v. A.B.C. Carpet & Home Inc.*, No. 23-CV-1858, 2026 WL 865711, at \*2 (S.D.N.Y. Mar. 30, 2026) ("NYLL § 198(1-a) provides the remedies available to employees for violations of the NYLL, including violations of § 191(1-a).").  NYLL § 198(1-a) is coextensive with § 216 of the Fair Labor Standards Act ("FLSA") which empowers Plaintiffs to recover liquidated damages equal to the amount of wages they were paid late. *See* 29 U.S.C. § 216(b) ("Any employer who violates [FLSA's minimum-wage and overtime-compensation requirements] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

20

"[I]t is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018); *id.* (noting that there are "no meaningful differences" between FLSA § 216 and NYLL § 198(1-a)). The New York Court of Appeals has held that when statutory language is "obviously" from another source, it follows the application of the source. *See CNH Diversified Opportunities Master Acct., L.P. v. Cleveland Unlimited, Inc.*, 36 N.Y.3d 1, 11 (2020) (explaining that when statutory language is "obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it" (citation omitted)); *see also Bryant*, 2024 WL 3675948, at *5 (quoting *id.*). Federal courts have interpreted § 216 of the FLSA as empowering employees to recover liquidated damages for late payments not just unpaid amounts. *See Rogers v. City of Troy*, 148 F.3d 52, 55–57 (2d Cir. 1998) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 700 (1945)); *Bryant*, 2024 WL 3675948, at *4 ("Courts have interpreted [FLSA § 216] to allow an employee to sue for late payments — rather than just unpaid amounts — and to recover liquidated damages alone in an amount equal to the wages that were paid late.") In addition, the New York Court of Appeals, in dicta, has suggested that NYLL § 198(1-a) provides a private right of action for violations of Section 191. *See Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 43–44 (2022) (explaining that remedies under NYLL § 198(1-a) are available only for "wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6," and identifying NYLL § 191(1)(a) as one such substantive provision for which remedies under § 198(1-a) are available). Accordingly, the Court predicts that the New York Court of Appeals would interpret the NYLL in line with its federal counterpart and consistent with the majority of federal courts in this Circuit that have considered this issue post-*Grant*, and the Court finds that NYLL § 191(1)(a) includes a private

21

right of action. *See Zachary*, 716 F. Supp. 3d at 351 ("[A]n unlawfully late payment of wages is an 'underpayment' within the meaning of [NYLL §] 198, rendering violations of [NYLL §] 191[(1)(a)] privately actionable.").

Plaintiff alleges that he was a manual worker who "spent more than twenty-five percent of [his] hours worked performing manual tasks," (Compl. ¶¶ 14, 62, 92; Jackson Decl. ¶ 15), and that Defendants paid Plaintiff on a biweekly basis rather than on a weekly basis, (Compl. ¶¶ 64, 95). Therefore, Plaintiff has sufficiently alleged that Defendants violated NYLL § 191(1)(a). *See Pesantez v. SADKME Constr. Corp.*, No. 23-CV-4271, 2024 WL 4314945, at *5 (E.D.N.Y. Aug. 19, 2024) (held in deciding a default judgment that the defendants were liable for a frequency-of-pay claim under NYLL § 191).

### 4.   Wage statement

Plaintiff alleges that Defendants failed to provide him with accurate wage statements as required by the NYLL and therefore "[p]ursuant to NYLL § 198(1-d), Defendants are liable . . . [for] $250 for each workday after the violation occurred, up to a statutory cap of $5,000." (Compl. ¶¶ 98–101.)

"Under Section 195(3), employers must give their employees accurate wage statements that include the dates and hours worked, the rate of pay and additional details." *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 660 (E.D.N.Y. 2020) (citing NYLL § 195(3)); *see Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245, 2023 WL 2707329, at *4–5 (S.D.N.Y. Mar. 30, 2023) ("[NYLL § ]195(3) 'requires that employers provide employees with certain wage statement information 'with every payment of wages.'" (quoting NYLL § 195(3))). An employee who is not given these statements may "recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not

22

to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."
NYLL § 198(1-d). "Pursuant to a 2015 amendment to the law, statutory damages for failure to provide initial hire notices [under NYLL § 195(1)] are $50 per day up to a maximum recovery of $5,000.00 per employee." *Ramos v. CJ Contractor Servs., Inc.*, No. 23-CV-274, 2024 WL 3954330, at *5 (S.D.N.Y. Aug. 2, 2024) (citing NYLL § 198(1-b)), *report and recommendation adopted*, 2024 WL 3952643 (S.D.N.Y. Aug. 27, 2024); *see Salamanca v. ABC Corp.*, No. 19-CV-1335, 2021 WL 3275902, at *7 (E.D.N.Y. July 15, 2021) ("After February 27, 2015, violations of [NYLL §] 195(1) carry damages of $50 per workday, up to a maximum of $5,000." (citing NYLL § 198(1-b)), *report and recommendation adopted*, 2021 WL 3269089 (E.D.N.Y. July 30, 2021).

The Second Circuit has clarified that a plaintiff seeking statutory damages for the Wage Theft Prevention Act ("WTPA") notice/statement violations in federal court must allege a concrete injury causally linked to the missing or inaccurate notices. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024) ("[A] plaintiff must show some causal connection between the lack of accurate notices and the downstream harm."); *id*. at 305–06 (Article III requires a concrete injury even for statutory violations); *id.* at 311 ("Without plausible allegations that [the plaintiff] suffered a concrete injury because of [the defendant's] failure to provide the required notices and statements, [the plaintiff] lacks standing to sue for that statutory violation."); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443–44 (2d Cir. 2022) (holding that a bare statutory violation is insufficient for standing and that a plaintiff must allege a concrete, particularized injury beyond the asserted regulatory noncompliance); *Vazquez Romero v. La Morenita Fruit Market Corp.*, No. 23-CV-6300, 2026 WL 687228, at *8 n.3 (E.D.N.Y. Mar. 11, 2026) (applying *Guthrie* and finding the plaintiff failed to allege a concrete

23

injury from the lack of accurate notices because the plaintiff only alleged that the defendants "failed to post at the workplace . . . the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL." (citation omitted)), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. Mar. 31, 2026); *Brathwaite v. Martini Collections Inc.*, No. 22-CV-4929, 2025 WL 99108, at *7 (S.D.N.Y. Jan. 14, 2025) (applying *Guthrie* and dismissing § 195 claims where the "complaint does not allege a concrete downstream consequence of the failure to receive payroll notices or wage statements," and explaining that "confusion and uncertainty about" compensation are "hypothetical, speculative concern[s] . . . insufficient to establish standing in a suit for damages" (citations and internal quotation marks omitted)), *report and recommendation adopted*, 2025 WL 448040 (S.D.N.Y. Feb. 10, 2025).

Federal courts in this Circuit have further underscored that, because "in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation," *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021), a plaintiff asserting a WTPA claim must show a real injury beyond the employer's noncompliance. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) (alteration in original) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "If [a] plaintiff[] lack[s] Article III standing, a court has no subject matter jurisdiction to hear their claim." *Bohnak v. Marsh & McLennan Cos.*, 79 F.4th 276, 283 (2d Cir. 2023) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)).

24

Plaintiff alleges a concrete downstream injury directly caused by Defendants' failure to provide accurate wage notices and wage statements sufficient to establish Article III standing because Plaintiff asserts that the absence of the required notices and statements "prevented Plaintiff . . . from realizing [he was] being underpaid and from taking appropriate action to obtain the payments due to [Plaintiff]." (Compl. ¶ 76.) Plaintiff contends that had he "received compliant paystubs as required by law, [he] would have immediately confronted Defendants and taken legal action against them sooner, which would have stopped Defendants from continuing to underpay [him] and violate [his] rights." (Jackson Decl. ¶ 31.) Courts in this Circuit recognize that such allegations satisfy the downstream-harm requirement under *Guthrie*. *See Moran v. John J. Picone, Inc.*, No. 24-CV-4095, 2025 WL 2783596, at *8 (E.D.N.Y. Sep. 30, 2025) (finding concrete injury where inaccurate wage statements "prevented [p]laintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages," causing him to be "deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier," and resulting in the "continued practice of paying [p]laintiff less than one and one-half times his regular rate"); *Lata v. Live Constr. Corp.,* No. 24-CV-5981, 2025 WL 2782336, at *9 (E.D.N.Y. Sep. 18, 2025) (holding that plaintiffs adequately alleged a concrete injury where, "as a direct result of defendants' failure to provide these notices and wage statements," they were "unable to identify the employer to remedy the compensation problems" and "unable to determine their hourly rates of pay to see if they were being properly paid under the FLSA and NYLL — which they were not"), *report and recommendation adopted*, 2025 WL 2782495 (E.D.N.Y. Sep. 30, 2025); *see also Tene*, 2025 WL 2731755, at *8 (explaining that, after *Guthrie*, courts find Article III standing where failure to provide wage statements allowed an employer "to hide its violations of wage and hour laws

and thus prevent the employee from determining and seeking payment for the precise amount of his unpaid wages," and concluding that plaintiff alleged concrete harm where he suffered a "lack of knowledge about the rates of pay he was receiving and/or should have [been] receiving" and an "inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL" (alteration in original) (citations omitted)).

The "downstream consequence" of Defendants' failure to provide the required wage notices is that it prevented Plaintiff from "confront[ing] Defendants and tak[ing] legal action against [Defendants] sooner, which would have stopped Defendants from continuing to underpay [Plaintiff] and violate [Plaintiff's] rights." (Jackson Decl. ¶ 31.) Plaintiff therefore sufficiently pleads a "concrete" and "particularized" injury stemming from Defendants' failure to furnish the required wage notices. *See Isayeva v. Diamond Braces*, No. 22-CV-4575, 2024 WL 1053349, at *17 (S.D.N.Y. Mar. 11, 2024) (finding that plaintiffs had standing to bring NYLL wage statement claims because they sufficiently alleged injury where defendants' inaccurate "reporting obfuscated the fact of [d]efendants' alleged time-shaving and hindered [p]laintiffs' ability, at the time they were paid, to discover their underpayment and advocate for themselves"); *Lipstein v. 20X Hosp. LLC*, No. 22-CV-4812, 2023 WL 6124048, at *9 (S.D.N.Y. Sep. 19, 2023) (finding that plaintiff pled injury-in-fact by alleging that not receiving notice and wage statements prevented him from "(i) realizing [his] true hours worked; (ii) realizing that [he was] underpaid; and (iii) taking appropriate action to obtain the payments due to [him]" (citation omitted)); *cf. Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929, 2023 WL 2206568, at *4–7 (E.D.N.Y. Feb. 24, 2023) (dismissing NYLL wage statement claim where the "[p]laintiff did not link any injury-in-fact that he personally experienced to [the d]efendants' failure to provide statutory notices under the NYLL"), *aff'd*, 113 F.4th 300 (2d Cir. 2024).

Plaintiff sufficiently states a claim for violation of the WTPA by alleging that Defendants failed to provide him "with statements that properly reflected the amount of hours that [he] actually worked, [his] regular rates of pay [sic] the overtime rate for each hour he worked in excess of forty hours in a given workweek." (Compl. ¶¶ 75, 98–101.) *See Duan v. Studio M. Bar & Lounge Inc.*, No. 20-CV-2240, 2024 WL 4250262, at *10 (E.D.N.Y. Jan. 31, 2024) (finding that the plaintiffs "have adequately stated claims for violations of the WTPA by the defendants" by alleging that the defendants did not provide wage notices and proper wage statements), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. Feb. 20, 2024); *see also Espinoza v. La Oficina Bar Corp.*, No. 20-CV-1237, 2022 WL 987429, at *15 (E.D.N.Y. Mar. 1, 2022) (holding that plaintiffs adequately stated WTPA claims where they alleged that defendants failed to provide the wage notice required at hiring and failed to furnish proper wage statements with each payment of wages), *report and recommendation adopted as modified*, 2022 WL 985836 (E.D.N.Y. Mar. 31, 2022).

Accordingly, Plaintiff adequately alleges downstream harm sufficient to establish an injury stemming from Defendants' violations of the WTPA.

### c. Damages

#### i. Wage claim damages

Plaintiff's NYLL § 220 prevailing wages claim provides greater relief than his minimum wage claim, and accordingly the Court analyzes his wage damages under NYLL § 220.[8] *See*

---

[8] The Court considers abandoned Plaintiff's requests that the Court issue preliminary and permanent injunctions against Defendants, issue an order restraining Defendants from retaliation, and issue punitive damages, (*see* Compl. 17–18), because those claims were not raised in his motion for default judgment. *See Arch Specialty Ins. Co. v. Canbert Inc.*, No. 19-CV-5920 , 2021 WL 1200329, at *3 n.3 (E.D.N.Y. Mar. 9, 2021) (recommending that a claim asserted in complaint but "not discussed in the [m]otion" for default judgment be deemed abandoned), *report and recommendation adopted*, 2021 WL 1193004 (E.D.N.Y. Mar. 30, 2021); *Vicedomini*

*Castillo v. Barking Dog NYC LLC*, No. 18-CV-8458, 2020 WL 5665109, at *3 (S.D.N.Y. Jan. 8, 2020) ("Because a double recovery of unpaid wages . . . is not permitted, the Court can exercise its discretion to elect the statute that 'provid[es] the greatest amount of relief.'" (second alteration in original) (quoting *Hengjin Sun v. China 1221, Inc.*, No. 12-CV-7135, 2016 WL 1587242, at *2 (S.D.N.Y. Apr. 19, 2016))), *report and recommendation adopted*, 2020 WL 5663431 (S.D.N.Y. Sep. 23, 2020).

New York law requires a plaintiff seeking prevailing wages to show the extent of his damages. *See Parris v. Schneider Elec. Mobility NA, Inc.*, 153 N.Y.S.3d 161, 163 (App. Div. 2021) ("In determining whether an employee should have been paid prevailing wages . . . [a plaintiff must quantify] in any reasonably definite manner, either the number of hours, or percentage of his time, which was spent on prevailing-wage work . . . . [Otherwise,] the plaintiff's damages would be unsupported by evidence and speculative."); *see also Markos v. Johnson Controls, Inc.*, No. 22-CV-6600, 2026 WL 587718, at *5 (S.D.N.Y. Mar. 3, 2026) (finding that "[e]ven when the evidence supports the conclusion that prevailing wage work was

---

*v. A.A. Luxury Limo Inc.*, No. 18-CV-7467, 2019 WL 12338298, at *9 (E.D.N.Y. Dec. 6, 2019) (recommending that the district judge not award prejudgment interest, attorneys' fees, or costs, because requests for such relief in the complaint were not renewed in plaintiff's motion for default judgment), *report and recommendation adopted*, 2020 WL 9814086 (E.D.N.Y. Mar. 13, 2020); *Bd. of Trs. of Pointers, Cleaners & Caulkers Annuity Fund, Pension Fund & Welfare Fund v. Harbor Island Contracting, Inc.*, No. 13-CV-6075, 2015 WL 1245963, at *2, n.1 (E.D.N.Y. Mar. 16, 2015) (adopting report and recommendation) ("The [t]rustees do not pursue this relief in their motion for default judgment, and thus the [c]ourt deems this request abandoned.").

The Court also considers abandoned Plaintiff's request for attorneys' fees and costs. In his memorandum in support of his motion for default, Plaintiff states that "[he] has waived entitlement to fees and costs in this action solely for the purposes of default but reserves the right to move for fees and costs should the case proceed on the merits and the Plaintiff is found to be a prevailing party." (Pl.'s Mem. 11.) Accordingly, the Court finds that Plaintiff has abandoned this claim for attorneys' fees and costs related to this motion.

28

performed "regular[ly]," a plaintiff must "quantif[y] or estimate[ ] the amount of time . . . spent each day on such tasks" to sufficiently show their damages under NYLL § 220 (alterations in original) (internal quotation marks and citation omitted)); *id.* ("A plaintiff can circumvent these requirements 'when the measure of damages is unavoidably uncertain or difficult to ascertain,' but 'a reasonable connection between a plaintiff's proof and a jury's determination of damages is nevertheless necessary.'" (quoting *J.R. Loftus, Inc. v. White*, 85 N.Y.2d 874, 876 (1995))).

Plaintiff has failed to show the extent of his damages because Plaintiff has not provided information on the amount of the time he spent working on public works contracts. *See Quality Blacktop Servs., Inc.*, 2021 WL 1207316, at *7 ("[O]nce the court has determined that the defaulting defendants are liable [for prevailing wages], 'the court must conduct an inquiry to establish damages to a reasonable certainty'" (quoting *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 87 (E.D.N.Y. 2012))); *Parris*, 153 N.Y.S.3d at 163 (finding that a plaintiff seeking prevailing wages must show the extent of his damages "in a reasonably definite manner"); *see also Markos*, 2026 WL 587718, at *5 ("Even when the evidence supports the conclusion that prevailing wage work was performed regular[ly]," a plaintiff must "quantif[y] or estimate[ ] the amount of time . . . spent each day on such tasks" (internal quotation marks and citation omitted). In the Complaint, Plaintiff alleges that he worked on public works projects that qualified him to receive prevailing wages, but Plaintiff has not alleged in the Complaint or provided additional evidence in his motion for default judgment regarding the amount of time he spent on such work. (*See generally* Compl.; Jackson Decl.) Accordingly, the Court is unable to determine the extent of Plaintiff's damages and will grant Plaintiff leave to amend the Complaint to provide facts as to the amount of time Plaintiff spent working on public works contracts.

Similarly, Plaintiff's damages request for his overtime claim requires Plaintiff specifying

29

the extent of his prevailing wage damages as he seeks to recover "[u]npaid monetary damages

for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to

Plaintiff." (Compl. 18.) As discussed *supra* Section II.b.iii.1, Plaintiff seeks to recover

prevailing wages but has not shown the extent of his prevailing wage damages. Accordingly, the

Court is unable to determine the extent of Plaintiff's damages and the pre-judgment interest

applicable. The Court grants Plaintiff leave to amend the Complaint and provide additional

evidence on these issues.[9]

### ii.    Failure to pay timely wages

On May 9, 2025, the New York legislature issued an amendment to the NYLL limiting

liquidated damages for violations of NYLL § 191(1)(a). *See* NYLL § 198 (1-a) ("[L]iquidated

damages shall not be applicable to violations . . . where the employer paid the employee wages

on a regular payday, no less frequently than semi-monthly" provided the employer has not

previously been found liable for similar violations following the enactment of the Amendment);

*DeDyn v. Gintzler Graphics, Inc*., No. 23-CV-1291, 2026 WL 221434, at *7 (W.D.N.Y. Jan. 28,

2026) (quoting NYLL § 198(1-a)). The amendment took effect on May 9, 2025, and applies to

causes of action pending or commenced by the effective date. *See id.* (explaining that the

amendment "'shall take effect immediately and shall apply to causes of action pending or

commenced on or after such date'" (quoting Act of May 9, 2025, Ch. 56, 2025 N.Y. Laws S.

3006-C)).

Plaintiff alleges that Defendants "paid [him] every two weeks," (Compl. ¶ 74), and

therefore, Plaintiff cannot recover liquidated damages for this NYLL § 191(1)(a) claim unless he

---

[9] For the same reason, the Court cannot calculate Plaintiff's actual damages for Defendants' failure to pay timely wages as it depends on Plaintiff establishing the extent of his prevailing wage damages.

provides evidence that this was not Defendants first-time violating the statute.  *See* NYLL § 198 1-a, 1(ii)) ("[L]iquidated damages shall not be applicable to violations . . . where the employer paid the employee wages on a regular payday, no less frequently than semi-monthly" provided the employer has not previously been found liable for similar violations following the enactment of the 2025 amendment to the NYLL).

### iii.    Statutory damages under the WTPA

"Statutory damages for failure to provide wage statements are $250 dollars 'for each work day that the violations occurred or continue to occur,' not to exceed $5,000."  *Ramos*, 2024 WL 3954330, at *5 (quoting NYLL § 198(1-d)); *see also Lorenzo v. Dee Mark Inc.*, No. 23-CV-48, 2026 WL 494070, at *7 n.11 (S.D.N.Y. Feb. 23, 2026) ("Under NYLL § 198(1-d), failure to provide wage statements pursuant to NYLL § 195(3) entitles an employee to statutory damages of $250 dollars 'for each work day that the violations occurred or continue to occur, not to exceed $5,000'" (quoting same); *Duan*, 2024 WL 4250262, at *12 ("After February 27, 2015, violations of [NYLL §] 195(3) carry damages of $250 per workday, up to a maximum of $5,000." (citing same)).

The Court awards Plaintiff the maximum statutory damages of $5,000 for violations of NYLL § 195(3) because Defendants did not provide Plaintiff with a wage statement during his employment.  *See Duan*, 2024 WL 4250262, at *12 (recommending that the plaintiff be awarded the statutory maximum because the plaintiffs "worked . . . without a wage statement for more than twenty days after February 27, 2015); *Rodriguez v. Eden Rose, Corp.*, No. 22-CV-500, 2023 WL 2969311, at *12 (E.D.N.Y. Mar. 3, 2023) (recommending that the plaintiff be awarded the statutory maximum "[b]ecause [the] plaintiff worked . . . without a wage statement for more than 100 days after February 27, 2015"), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. June 21, 2023).

**III. Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion for default judgment in part and denies it in part.  The Court grants Plaintiff's motion as to his WTPA claims and awards $5,000.00 in statutory damages under the WTPA.  The Court grants Plaintiff leave to amend the Complaint to show the extent of his prevailing wage damages by providing information about his unpaid wages, overtime, and failure to pay timely wages claims.  Plaintiff shall file an amended complaint by July 16, 2026.

Dated: July 1, 2026
      Brooklyn, New York

                                SO ORDERED:

                                _____s/ MKB_____
                                MARGO K. BRODIE
                                United States District Judge